**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-CV-139-RLV**

| | |
|---|---|
| **CHARLES A. DAVIS,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DAVIDSON MORTGAGE, INC.;** | ) |
| **SUNTRUST MORTGAGE, INC.;** | ) |
| **WASHINGTON MUTUAL; BROCK &** | ) **O R D E R** |
| **SCOTT PLLC; PATRICK A.** | ) |
| **DOUGHERTY, C/O BEN THOMAS,** | ) |
| **ESQ.; ELIZABETH EMBRY, ESQ.;** | ) |
| **RENA W. TURNER, COURT CLERK;** | ) |
| **JOHN DOE #1 THROUGH JOHN DOE** | ) |
| **#10,** | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |

  **THIS MATTER** is before the Court on Defendant SunTrust Mortgage Inc.'s "Renewed

Motion to Dismiss Plaintiff's Complaint" providing alternate theories of failure to state a claim

upon which relief may be granted, insufficient service of process, and failure to prosecute. (Doc.

No. 8).  For the reasons outlined below the Court will *grant* this motion.

## I. BACKGROUND

  This action was originally filed, *pro se*, by Plaintiff Charles A. Davis ("Davis") on

August 24, 2009 in the United States District Court for the Eastern District of New York. Out of

an "abundance of caution" the case was transferred to the District Court for the Western District

of North Carolina for further proceedings. Transfer Order 2, Dec. 18, 2009, ECF No. 4. Though

unclear, Davis' complaint alleges general illegality, conspiracy, fraud, and various failures of due

process relating to the foreclosure of property in Iredell County, North Carolina, located in this judicial district. Prior to filing the instant suit, Davis was a debtor in a Chapter 13 bankruptcy action.[1] *See In Re Charles Davis*, No. 08-51251. The named defendants are corporations, private individuals and court officers with assorted connections to the foreclosed property and/or the bankruptcy action. Since transfer to this Court in December 2009, Davis has not filed responsive pleadings, responded to Court orders, or made other contact with the Court relating to the pending case. On March 15, 2010, Defendant SunTrust Mortgage, Inc. ("SunTrust") filed its initial Motion to Dismiss. In recognition of the unique challenges facing *pro se* plaintiffs, and significantly after the twenty-one day time period traditionally afforded to responsive pleadings under the Federal Rules of Civil Procedure,[2] Magistrate Judge David C. Keesler, *sua sponte,* issued an Order directing Plaintiff to respond on or before November 26, 2010. Order 1, Oct. 26, 2010, ECF No. 7. At the time of this Order, no response has been received.

## II. STANDARD OF REVIEW

As Davis is proceeding *pro se*, this Court will construe his pleadings liberally when considering SunTrust's Motion to Dismiss. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978); *see generally Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1978)*.* Furthermore, because Davis' complaint frequently alleges that "defendants. . .violated well established laws of the United States Constitution," Complaint § III, ¶ 6, this Court recognizes its responsibility to "insure that constitutional deprivations are redressed and that justice is done." *Gordon* at 1151. A Rule 12(b)(6) motion tests the legal and factual sufficiency of a complaint. *See Edwards v.*

---

[1] This action was closed on March 11, 2009 in the U.S. Bankruptcy Court for the Western District of North Carolina with no appeal.

[2] *See* Fed. R. Civ. P. 12(a) (establishing a general twenty-one day period for responsive pleadings, unless otherwise provided by court order).

*City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). In reviewing a motion made under this rule, "a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), seen in the "light most favorable to the plaintiff." *Schatz v. Rosenberg*, 943 F.3d 485, 489 (4th Cir. 1991). However, the court is not bound to accept legal conclusions asserted by plaintiffs when reviewing such a motion. *Id*. A complaint must plead facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A sufficient pleading must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Papasan v. Allain,* 478 U.S. 265, 268 (1986).

## III. ANALYSIS

Davis has listed six (6) causes of action, each of which is unclear. In providing a liberal construction to these stated actions, this Court understands his claims as conspiracy to commit fraud and violations of due process relating to the foreclosure of the Iredell County property. In support of the conspiracy charge, Davis alleges "[t]he foreclosure action and proceedings was [sic] a pretext because the Internal Revenue Service. . .worked behind the scene [sic] to encourage the foreclosure of the real property. . .and the defendants collectively participated in a conspiracy to steal and perpetrate fraud. . . ." Complaint at §III, ¶5. However, the complaint provides *no allegations* which, when taken as truthful, demonstrate that any of the named defendant's had knowledge of or intent to conspire. In support of the due process charges, Davis alleges "the [information from the courts] was not issued timely for the purpose of [challenging] the merits or procedures," and that "the defendants in this case did not follow procedure while violating the plaintiff's constitutional rights. . . ." Complaint at §III, ¶3. However, the complaint contains no allegations of fact that would support any of his claims. In his fourth cause of action,

Davis alleges that, "GHOST '..IRS..' AGENTS WORKED BEHIND THE SCENE TO EXASTERBATE [sic] THE DEFENDANTS' EFFORTS TO VIOLATE HIS RIGHTS...." Again, the complaint provides no allegations of fact, which when accepted as true, would nudge this claim across the threshold of plausibility.

## IV. CONCLUSION

In evaluating the totality of the complaint, this Court finds it to be composed of conclusory statements from an aggrieved debtor seeking to recapture property or receive judicially-ordered compensation. "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2009) (citing *Twombly* at 555). Under the most liberal of interpretations this Court can afford to a *pro se* plaintiff's complaint, Davis has neither provided elements of a cause of action nor offered factual support beyond mere conclusions of fact and law. This complaint fails to state a claim upon which relief can be granted and will be dismissed under Fed. R. Civ. P. 12(b)(6). Alterative bases for dismissal may be sound, but given that Davis' complaint fails to state a claim upon which relief can be granted, this Court does not reach the merits of the motions to dismiss grounded in either failure to prosecute,[3] or insufficient service of process.[4]

---

[3] Fed R. Civ. P. 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a Defendant may move to dismiss the action or any claim against it." The Fourth Circuit requires that the trial court consider four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice cause the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *See Herbert v. Saffell,* 877 F.2d 267, 270. In the instant case, Davis has not taken action in 17 months. As a *pro se* plaintiff, he bears a high level of personal responsibility for this action. Absent action by Davis, the defendant's are unable to move forward with the case or to determine what, if any, steps need to be taken for in preparation of an adverse ruling.

[4] Fed. R. Civ. P. 4(m) requires that a summons and complaint be served upon a defendant within 120 days of issue from the clerk of court. The records indicate that summonses were issued by the Eastern District of New York on August 24, 2009. In its motions to dismiss, SunTrust alleges service has not been made.

**THEREFORE, IT IS HEREBY ORDERED THAT** Defendant SunTrust, Inc.'s

Renewed Motion to Dismiss Plaintiff's Complaint is **GRANTED** and this case is **DISMISSED**

as to all claims and parties.


Signed: May 24, 2011

Richard L. Voorhees
United States District Judge